# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RIVERA-JIMENEZ,  <br>　　　　Petitioner,  <br>　　v.  <br>WARDEN, FCI MENDOTA,  <br>　　　　Respondent. | Case No.: 1:24-cv-01535-SKO (HC)  <br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION OR NOTICE OF VOLUNTARY DISMISSAL  <br>[THIRTY DAY DEADLINE] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the petition in this Court on December 16, 2024. A preliminary screening of the petition reveals that the petition fails to state a cognizable claim for relief. Therefore, the Court will DISMISS the petition with leave to file an amended petition, or in the alternative, a Notice of Voluntary Dismissal.

**I.　DISCUSSION**

　A. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases.

Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In this case, Petitioner contends the Bureau of Prisons violated his due process rights with respect to a code violation for possession of a hazardous tool.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

With respect to challenges to disciplinary findings, habeas corpus jurisdiction is available under § 2241 when a petitioner claims: (1) he lost good time credits without due process of law; (2) he was subject to greater restrictions of liberty, such as disciplinary segregation, without due process of law; or (3) expungement of a disciplinary finding from his record is likely to accelerate his eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by* Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016).

Petitioner contends he was not provided a Unit Discipline Committee ("UDC") report in violation of the BOP's Program Statement. Such a claim is not cognizable in federal habeas review. Pursuant to 28 C.F.R. § 541.7, once an incident report is generated and staff investigation has concluded, the UDC will review the incident report and issue its decision in a written report. Should

the UDC conclude a prisoner committed the prohibited act charged, it may sanction the prisoner. Id. However, the UDC cannot sanction a prisoner with loss of good conduct time credits, FSA time credits, disciplinary segregation, or monetary fines. Id. The UDC may, however, refer the incident report to a Disciplinary Hearing Officer ("DHO") for a hearing at which time sanctions with loss of time credits, disciplinary segregation, or other sanctions may be imposed. Id.

Based on the petition, it appears Petitioner is only challenging a UDC finding, not a DHO hearing, and therefore, he was not sanctioned with the loss of any time credits or disciplinary segregation. Further, there are no facts from which the Court can conclude that expungement of the incident report will accelerate eligibility for parole. Thus, "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement," and thus his "claim does not fall within 'the core of habeas corpus.'" Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)). For this reason, habeas relief is unavailable.

Petitioner also contends the BOP has violated 28 C.F.R. § 541.5 and committed constructive fraud. He states his request to see the evidence was denied. The claim is vague. Section 541.5 sets forth the disciplinary process. There is no provision in the section which entitles Petitioner to review the evidence. Pursuant to § 541.5(b)(2), a prisoner may request that an investigator review the evidence or request that other evidence be obtained, but it is unclear whether that happened in this case since Petitioner failed to attach the incident report. In any case, the claim may be non-cognizable if no time credits or disciplinary segregation sanctions were imposed.

Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition clarifying his claims and the basis for habeas jurisdiction.  Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should reference the instant case number.  If, however, the Court is correct that Petitioner did not suffer sanctions including the loss of time credits or disciplinary segregation, habeas relief is unavailable. If that is the case, Petitioner should file a Notice of Voluntary Dismissal. Petitioner is advised that failure to comply with this order will result in dismissal of the action.

### III.     ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a First Amended Petition or a Notice of Voluntary Dismissal.

IT IS SO ORDERED.

Dated:   **January 2, 2025**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE