UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RIVERA-JIMENEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI MENDOTA,<br><br>　　　　　Respondent. | No.  1:24-cv-01535-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the initial federal petition on December 16, 2024. (Doc. 1.) After conducting a preliminary review of the petition, the Court determined it failed to state a cognizable claim for relief.  On January 3, 2025, the Court dismissed the petition with leave to file an amended petition. (Doc. 5.) On February 7, 2025, Petitioner filed a first amended petition. (Doc. 7.)  Because the petition fails to state a claim for relief, the Court will recommend it be DISMISSED with prejudice.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases[1] allows a district court to dismiss a

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the rules may be applied in § 2241 Cases.

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.    Rules Violation Report[2]

On September 22, 2023, a mass cell search was conducted of Unit B1 at FCI Mendota. During the search, a cell phone was discovered on the top of a locker in cell 128. Petitioner and Inmate Pineda were the sole occupants of cell 128.

On September 28, 2023, an incident report was generated charging Petitioner with possession of a hazardous tool (which included, *inter alia*, portable telephones) in violation of Code 108. (Doc. 7 at 13.) On September 29, 2023, Petitioner was given a copy of the incident report. (Doc. 7 at 13.) On October 20, 2023, a disciplinary hearing was conducted via telephone conference before a disciplinary hearing officer ("DHO"). (Doc. 7 at 13-16.) Petitioner denied the charge and stated he did not know anything about the phone. (Doc. 7 at 15.) The DHO found Petitioner guilty based on the greater weight of the evidence of guilt and sanctioned Petitioner with 41 days loss of good conduct time credits, 30 days of disciplinary segregation, and 180 days loss of phone privileges. (Doc. 7 at 15.) Petitioner administratively appealed the finding and the appeals were denied. (Doc. 7 at 6-12.)

C.    Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

---

[2] The facts are taken from the Rules Violation Report dated November 14, 2023. (Doc. 7 at 13-16.)

2

1  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst.
2  v. Hill, 472 U.S. 445, 454-455 (1984)).

3        When a prison disciplinary proceeding may result in the loss of good time credits, due
4  process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the
5  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
6  goals, to call witnesses and present documentary evidence in his defense; and (3) a written
7  statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.
8  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the
9  decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel.
10 Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

11       In Ground One, Petitioner alleges his procedural due process rights were violated. He
12 contends that he did not receive a copy of the DHO report until after he filed an appeal and long
13 after the 15 workday time period provided for in the BOP's Program Statement. He further claims
14 the appeals process failed to respond to his complaints regarding the delay of the DHO report.
15 According to the report, the DHO acknowledged that it had not been provided to Petitioner within
16 the customary 15 workday period due to a high volume of incident reports experienced during the
17 time frame. (Doc. 7 at 15.) The DHO stated the delay should not negatively affect Petitioner's
18 appeal rights. (Doc. 7 at 15.) The Court notes that the appeals were considered and denied on the
19 merits, not for untimeliness. (Doc. 7 at 6-12.)

20       The Court does not find Petitioner's procedural due process rights were violated.
21 Although delayed, Petitioner acknowledges he was eventually provided with a copy of the report.
22 Due process is satisfied where the inmate receives a written statement by the factfinder of the
23 evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418
24 U.S. at 563-567. Due process does not require the report be provided within 15 days, as that is a
25 deadline set by the BOP, and the BOP acknowledged a delay due to high volume of reports
26 during that time. As noted, Petitioner did not suffer any prejudice from the delay as his appeals
27 were considered on the merits.

28       Petitioner also contends his substantive due process rights were violated because the

3

evidence showed he was not in possession of the phone. He contends the phone was located *within* a locked storage locker to which only his cellmate had access. According to the RVR, however, the phone was not located inside the locker but in plain sight on top of the locker. (Doc. 7 at 15.) The DHO considered Petitioner's statement that he didn't know about the phone but found it not credible "as the cellphone was found in plain view on top of a locker." (Doc. 7 at 15.) The evidence consisted of the reporting officer's statement of the location of the phone as well as photographs showing the phone on top of the locker. (Doc. 7 at 15.)

In reviewing a claimed violation of substantive due process, the Court is not tasked with reweighing the evidence. Due process is satisfied where there is at least "some evidence" to support the guilty finding. See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). Here, it is clear based on the reporting officer's written report and photographs taken of the phone's discovery that there was at least some evidence to support the guilty finding.

In summary, Petitioner fails to demonstrate the violation of any of his due process rights. Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455. The petition should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

Case 1:24-cv-01535-JLT-SKO   Document 9   Filed 02/13/25   Page 5 of 5

consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 13, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE